PER CURIAM:
The claimant brought this action for damage to his 1983 Chevrolet pick-up truck, which occurred after the vehicle struck a small tree limb on a road maintained by the respondent in Marshall County.
The incident giving rise to this claim occurred on July 7, 1998, at approximately 9:45 p.m. The claimant was driving on Rosby’s Rock Hill Road near Moundsville. The evidence adduced at hearing established that the claimant’s vehicle struck a small tree or tree limb that was leaning from an embankment into the traveled portion of the road. The tree was described as approximately four to five inches in diameter. The claimant testified that the tree struck his passenger side rear-view mirror, bent it down, and knocked the glass out. The claimant testified that the repair costs were in the approximate amount of $80.00. The claimant carried liability insurance only.
The claimant testified that the tree was leaning about three feet into the road and was approximately six feet off the pavement. He testified that there was oncoming traffic, but that it was not in his lane. It was the respondent’s position that it had no prior notice of the tree. The respondent was not engaged in any trimming or other work in the area at the time of the accident.
It is well established that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). It is the general rule that in order to hold the respondent liable for defects of this type, the claimant must prove that the respondent knew or should have known of the defect giving rise to the claim. The Court, after review of the record, is of the opinion that there is insufficient evidence of negligence upon which to justify an award. While sympathetic to the claimant’s position, the Court is constrained by the evidence to deny the claim.
*143 Claim disallowed.